KLESTADT & WINTERS, LLP  
Tracy L. Klestadt (TK-3591)  
292 Madison Avenue, 17th Floor  
New York, New York 10017  
Telephone no. (212) 972-3000  

Attorneys for *Michael Chasalow*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>            Plaintiff,<br>    -against-<br><br>MICHAEL CHASALOW, et al.,<br>.<br>            Defendants. | Adv. Proc. No. 09-01172 (BRL) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO BANKRUPTCY RULE 7012(b)**

TO:    THE HONORABLE BURTON R. LIFLAND,  
        UNITED STATES BANKRUPTCY JUDGE:

      Defendant, Michael Chasalow ("Defendant"), by his attorneys Klestadt & Winters, LLP, as and for his motion for the entry of an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7012(b), dismissing Plaintiff Irving H. Picard's ("Plaintiff") claims ("Claims") based upon his failure to state a claim upon which relief can be granted, respectfully represents:

1

## PROCEDURAL BACKGROUND

On December 15, 2008, pursuant to 15 U.S.C. §§ 78eee(a)(4)(B), the Securities Investor Protection Corporation ("SIPC") filed an application in the United States District Court for the Southern District of New York (the "District Court") alleging, *inter alia*, that Bernard L. Madoff Investment Securities LLC ("BLMIS") was unable to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA").

Also on December 15, 2008, the District Court granted the SIPC application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

(a) appointed Irving H. Picard as the Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3) ("Trustee" or "Plaintiff");

(b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

(c) removed the case to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

Pursuant to the Protective Decree, on May 1, 2009, Plaintiff brought an adversary proceeding against, over 50 individuals and entities, including Chasalow, for recovery of alleged preferential and fraudulent transfers (the "Complaint").

## FACTUAL BACKGROUND

BLMIS is a New York limited liability company that is wholly owned by Bernard L. Madoff ("Madoff"). Founded in 1960, BLMIS operated from its principal place of business at 885 Third Avenue, New York, New York. Madoff, as founder, chairman and chief executive officer, ran BLMIS together with several family members and a number of additional employees. BLMIS had three business units: investment advisory (the "IA Business"), market making and proprietary trading. [See Complaint, ¶ 18].

On December 11, 2008, (the "Filing Date") Madoff was arrested by federal agents for alleged violation of the criminal securities laws. Contemporaneously, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court that alleged that Madoff and BLMIS engaged in fraud

through IA Business. [See Complaint, ¶ 8].

The Complaint alleges that the IA Business operated as a Ponzi scheme, whereby, the money received from investors was not set aside to buy securities as purported, but instead was primarily used to make the distributions to, or payments on behalf of, other investors. [Complaint, ¶ 23].

The Complaint alleges that during the scheme, certain investors requested and received distributions of the "profits" listed for their accounts which were nothing more than fictitious profits. [Complaint, ¶¶ 24, 27, 106].

The Complaint alleges, with no specificity, that the over 50 Defendants listed in the Complaint received transfers of interests of BLMIS in property since 1995 and that the time –applicable transfers are recoverable pursuant to various federal and state statutes as preferential and/or fraudulent transfers. <u>There are no specific allegations made that Chasalow ever received a transfer of any interest of BLMIS property or even had an account with BLMIS.</u>

Contrary to any unsubstantiated allegations made in the Complaint, Chasalow did not receive any transfers of an interest of BLMIS property within any relevant period preceding the Filing Date or otherwise. The Complaint does not specify any amount received by Chasalow, the date of any such transfer, or that any such transfer ever occurred. In fact, the only charging allegations made in the Complaint are that Michael Chasalow acted as agent for service of process of two related entities and was an officer and/or director of another related entity. Even if these allegations were true, they provide no legal foundation for any of the claims made against Defendant.

**Relief Requested and Grounds for Relief**

By this Motion, Defendant seeks the entry of an order, pursuant to F.R.C.P. 12(b)(6), as made applicable by Bankruptcy Rule 7012(b), dismissing Plaintiff's Claims based upon his failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6), made applicable to this action pursuant to Federal Rule of Bankruptcy Procedure 7012(b), provides that a defendant may seek to have an action dismissed if the complaint fails to state a claim upon which relief may be granted. *See* FED. R. BANKR. P. 7012(b) (Lexis

Nexis 2009). When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. West LB AG New York Branch v. TPS McAdams, LLC (In re Enron Corp.), 370 B.R. 583, 586-87 (Bankr. S.D.N.Y. 2008). "To withstand a motion to dismiss, there must be specific and detailed factual allegations to support the claim." *Id.* at 587 (*citing* Friedl v. City of New York, 210 F.3d 79, 85-86 (2d. Cir. 2000). The United States Supreme Court mandates that a court should grant a Rule 12(b)(6) motion if the causes of action pled by the plaintiff are not legally feasible. *See* Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007); Sims v. Artuz, 230 F.3d 14, 20 (2d. Cir. 2000). Furthermore, "conclusory allegation or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Beacon Hill CBO II, Ltd. v. Beacon Hill Asset Mgmt. LLC, 314 F.Supp.2d 205, 209 (S.D.N.Y. 2003) (*quoting* Smith v. Local 819 I.B.T. Pension Plan, 291 F.2d 236, 240 (2d. Cir. 2002)).

**I. The Claims Based Upon Unspecified Transfers To The Defendant Should Be Dismissed.**

Under the provisions of both the Bankruptcy Code and New York Debtor and Creditor Law cited in the Complaint, in order to sustain a cause of action to avoid preferential or fraudulent transfers, there must, in fact, be a conveyance or transfer to, or for the benefit of, a creditor. *See* 11 U.S.C. §§ 544, 547(b), 548(a)(1)(A),(B), 550, 551; *see also*, N.Y. DEBT. & CRED. LAW 273, 274, 275, 276, 276-a, 278, 279. Plaintiff fails to demonstrate with adequate specificity that, a) there was a transfer to or for the benefit of the Defendant, and b) the Defendant, not his employer or spouse, is a creditor. Further and alternatively, Defendant asserts that, despite the Complaint facially lacking the required specificity, there was no transfer from Plaintiff to Defendant whatsoever, thus rendering the claim devoid of merit.

The Complaint fails to allege with specificity the grounds for any claim against the Defendant. The Defendant is not listed in the schedule of transfers giving rise to the claims in this proceeding. [*See* Complaint, Schedules A and B]. The only reference to Defendant is in regard to his relationships (relationships which, even if true, give rise to no legal liability or culpability) with other Defendants who allegedly received the scheduled transfers, namely the Chais Family Foundation, Onondaga, Inc., The Brighton Company, and Emily Chasalow. [Complaint, ¶ 38].

Plaintiff fails to provide specific and detailed factual allegations regarding any alleged transfers to Defendant. Allegations of transfers to companies of which Defendant was an alleged officer, director, or agent for service of process, or to his wife, are insufficient to form the basis of any legal claim against Defendant, let alone demonstrate the requisite transfer to or for the benefit of Defendant. Based on the foregoing reasons, the Complaint lacks the required specificity to sustain a cause of action against Defendant and should, thus, be dismissed.

The Complaint also fails to provide specific and detailed factual allegations that Defendant is, in fact, a creditor of the Plaintiff. Other than to state the relationship to each of the other relevant Defendants, the Complaint did not mention any direct relationship between Plaintiff and Defendant. Though the companies to which he is an agent, officer, or director and his spouse may be considered creditors, an issue of fact need not be addressed here, Defendant himself never engaged in any personal transactions with the Plaintiff that would give rise to any claim in this case. Any alleged benefits received by the other defendants has not been shown to, and does not, impute to Defendant whatsoever. These claims are legal conclusions masquerading as factual in nature and should, thus, be dismissed.

Further and alternatively, Defendant did not receive any transfers of an interest of BLMIS property within 6 years, 2 years, or 90 days of the Filing Date and never had an account or any other interest in BLMIS. Trustee has failed to allege any facts which would support such a claim. Without a single transfer between Defendant and Plaintiff, the claims for fraudulent and preferential transfers should be dismissed.

**II. The Claim For Turnover, Under 11 U.S.C. § 542, Should Be Dismissed.**

To have a claim for turnover under the Bankruptcy Code, the Defendant must first possess, control, or have custody of the Plaintiff-Debtor's property. *See* 11 U.S.C. §542 (Lexis Nexis 2009). The Complaint fails to specifically assert any possession, control, or custody by the Defendant of Plaintiff's property. Defendant further asserts that he does not possess, control, or have any property belonging to the Plaintiff in his custody. Without specificity in the Complaint and without any property in the hands of the Defendant, a claim for turnover is not feasible and thus, should be dismissed under Rule 12(b)(6).

5

For the foregoing reasons, the Complaint against the Defendant should be dismissed.

### **<u>Notice</u>**

The Defendant has served a copy of this Motion upon Plaintiff and the Office of the United States Trustee. A certificate of service is attached to this Motion. The Defendant believes that the type of notice described herein is reasonable and appropriate in light of the requested relief.

No previous application has been made to this or any other court for the relief requested herein.

In that this Motion does not raise any novel issues of law and in light of the authority cited herein, the Defendant respectfully requests that the requirement under Local Bankruptcy Rule 9013-1(b) for the submission of a memorandum of law be waived.

**WHEREFORE,** the Defendant respectfully requests that the Court enter an order, pursuant to F.R.C.P. 12(b)(6), as made applicable by Bankruptcy Rule 7012(b), dismissing Plaintiff's Claims together with such other and further relief as this Court deems appropriate.

Dated: New York, New York
     September 21, 2009

KLESTADT & WINTERS, LLP
Counsel to Michael Chasalow

By: */s/Tracy L. Klestadt*
    Tracy L. Klestadt (TK-3591)
292 Madison Avenue, 17th Floor
New York, NY 10017
(212) 972-3000