**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

In re:

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Debtor.

-----------------------------------------------------------X

IRVING H. PICARD, as Trustee for the
Liquidation of BERNARD L. MADOFF
INVESTMENT SECURITIES LLC,

                Plaintiff,

     v.

STANLEY CHAIS, *et al*.,

                Defendants.

-----------------------------------------------------------X

**FOR PUBLICATION**

SIPA LIQUIDATION
No. 08-01789 (BRL)

(Substantively Consolidated)

Adv. Pro. No. 09-1172 (BRL)

**APPEARANCES:**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
<u>By</u>:    David J. Sheehan
         Marc E. Hirschfield
         Paul P. Eyre
         Ona T. Wang
         Benjamin D. Pergament

*Attorneys for Plaintiff, Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, NY 10020
Telephone: (212) 643-7000
Facsimile: (212) 643-6500
<u>By</u>:    Philip R. White
         Andrew H. Sherman

*Attorneys for Defendants Emily Chasalow, Mark Chais, Wrenn Chais, William Chais, Miri Chais and the Entities Identified on Exhibit 1 to the Notice of Partial Motion to Dismiss*

Before: Hon. Burton R. Lifland
       United States Bankruptcy Judge

## MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before this Court is the motion to dismiss (the "Motion") of Miri Chais seeking to dismiss the complaint (the "Complaint") of Irving H. Picard, Esq. (the "Trustee"), trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7004(f) and 7012(b) (Dkt. No. 42).

The instant opinion addresses only the preliminary issue of personal jurisdiction, raised only by defendant Miri Chais. Miri Chais, together with a number of other defendants, separately filed a partial motion to dismiss Count One and Counts Three through Eleven of the Complaint pursuant to Rules 8, 9 and 12(b)(6), incorporated by Bankruptcy Rules 7008, 7009 and 7012(b). *See* Partial Mot. Dismiss, Dkt. No. 38.[1] The additional grounds raised in that motion, as well as other motions filed in response to the Complaint, will be addressed in separate, written decisions of the Court.

As set forth below and at oral argument, the Court finds that it has personal jurisdiction over Miri Chais, and the Motion is accordingly DENIED.

## BACKGROUND

Only those facts particularly pertinent to the instant Motion are discussed below.

---

[1] Memorandum of Law in Support of the Defendants' Partial Motion to Dismiss, filed on behalf of Defendants Mark Chais, William Chais, Miri Chais, Emily Chasalow, Wrenn Chais and the entity defendants identified on Exhibit 1 to the Notice of Motion to Dismiss (Dkt. No. 38).

2

### I. The Trustee's Complaint

On May 1, 2009, the Trustee filed the Complaint against Miri Chais and other individuals and entities with ties to Stanley Chais (collectively, the "Defendants"), a sophisticated investment advisor who was allegedly closely associated with Madoff since the 1970s. The Complaint alleges that Chais withdrew hundreds of millions of dollars through his various investments with BLMIS, purportedly funneling much of it to his children and their spouses, his grandchildren, and various entities he created for the benefit of his family. Miri Chais is related to Stanley Chais through marriage to his son Mark Chais. The Complaint seeks to avoid and recover preferential payments and fraudulent transfers in the collective amount of over $1 billion from these Defendants in connection with the Madoff Ponzi scheme. For a detailed background of the mechanics of the Ponzi scheme and the events preceding the Trustee's Complaint, see *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re BLMIS)*, 424 B.R. 122, 125–33 (Bankr. S.D.N.Y. 2010).

According to the Complaint, Miri Chais and Mark Chais reside together at "Te'ena 12, Herzaiya [sic] Pituach, Israel." Compl. ¶ 39. Miri Chais held an individual BLMIS account, account number 1C1293-3-0, in the name of "Mirie Chais"[2] (the "Individual Account") and a joint BLMIS account, account number 1C102730, in the name of "Mark and Mirie Chais JT WROS" (the "Joint Account"). The Joint Account reports an address of 9255 Doheny Road, No. 901, West Hollywood, California 90069. The couple also maintained a joint bank account at

---

[2] Miri Chais's name incorrectly appears as "Mirie" in BLMIS records and the Complaint, but is spelled correctly as "Miri" in the Trustee's subsequent memorandum of law and Miri Chais's memorandum of law in support of the Motion and accompanying declaration. Counsel for the Trustee clarified this point at oral argument. *See* Transcript, p. 33, line 21 ("Mirie [sic] Chase [sic] -- and I would note that in Madoff's records Mirie is spelled M-I-R-I-E versus M-I-R-I.") (Dkt. No. 78).

City National Bank in Beverly Hills, California (the "California Account"), to which transfers were made from the Joint Account.

Miri Chais's Individual Account and Joint Account collectively reflect at least 63 transfers associated with BLMIS. Eleven deposits, withdrawals and transfers were made to and from BLMIS and the Individual Account, account number 1C1293-3-0, including a $20,000 check issued by BLMIS to Miri Chais personally on April 8, 2003. *See* Decl. Supp. Compl., Ex. 3. The Individual Account was closed on or about November 23, 2004, with the balance exceeding Miri Chais's initial investment by $288,000. On this date, the funds were transferred to the Joint Account, which ultimately accrued at least 52 transactions between November 23, 2004 and December 8, 2008. By the time that the fraud was exposed, the balance of this account exceeded principal investments by over $13.5 million.

The Defendants, including Miri Chais, executed customer agreements, option agreements, and/or trading authorizations (the "Account Agreements") to initiate investing with the New York-based BLMIS, which were delivered to BLMIS headquarters at 885 Third Avenue, New York, New York. The Account Agreements were to be performed in New York through securities trading activities that would purportedly take place in New York, New York. The BLMIS accounts were held in New York, and the Defendants' wire transfers were directed to BLMIS' headquarters at JPMorgan Chase & Co. in New York. Certain of Miri Chais's Account Agreements display a checked space next to the word "AGENCY," indicating that Stanley Chais, Miri Chais's father-in-law, served as her agent in New York for purposes of such account. *See* Decl. Supp. Compl., Ex. 1. The Complaint alleges that the "Defendants have intentionally taken advantage of the benefits of conducting transactions in the State of New York

4

and have submitted themselves to the jurisdiction of this Court for the purposes of this proceeding." Compl. ¶ 95.

Miri Chais claims that the Complaint fails to allege that she has sufficient minimum contacts with the United States to support a finding of personal jurisdiction. She states that her only contacts with the United States are annual social visits to her husband's family for a period of two weeks or less, her Individual and Joint BLMIS Accounts, and her joint tax returns filed in the United States to report income from the BLMIS accounts. Her declaration states that she never personally requested or caused the distributions to be made from her Individual or Joint BLMIS Accounts. *See* Decl. of Miri Chais ¶ 4, Dkt. No. 41.

This Court previously published an opinion clearly holding that foreign defendants who profited by their maintenance of BLMIS accounts and receipt of transfers subjected themselves to personal jurisdiction of this Court with regard to the Trustee's claims arising from such transfers. *See Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 418 B.R. 75 (Bankr. S.D.N.Y. 2009). This Court is once again faced with a motion to dismiss for lack of personal jurisdiction under similar circumstances that likewise "now stands in the way of getting to the merits." *Id.* at 84.

## DISCUSSION

### I. Personal Jurisdiction—Rule 12(b)(2) of the Federal Rules of Civil Procedure

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), a plaintiff need only make a *prima facie* showing "through its own affidavits and supporting materials" that personal jurisdiction exists. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). To satisfy this burden, a plaintiff must make "legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Penguin Group (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010). Where, as here, a foreign defendant has not consented to jurisdiction by

5

filing a proof of claim in the bankruptcy case, the plaintiff must show that "the foreign defendant has the requisite minimum contacts with the United States at large" to satisfy Fifth Amendment due process. *Cruisephone, Inc. v. Cruise Ships Catering & Servs., N.V. (In re Cruisephone, Inc.)*, 278 B.R. 325, 331 (Bankr. E.D.N.Y. 2002); *see also Savage & Assocs., P.C. v. Banda 26, S.A. (In re Teligent, Inc.)*, Nos. 01-12974, *et al.*, 2004 WL 724945, at *4 n.11 (Bankr. S.D.N.Y. Mar. 30, 2004); *North v. Winterthur Assurances (In re North)*, 279 B.R. 845, 852–53 (Bankr. D. Ariz. 2002) ("[T]he Bankruptcy Rules effectively provide for worldwide service of process, limited only by the due process clause of the Fifth Amendment . . . which requires only that the defendant have the requisite minimum contacts with the United States, rather than with the forum state.") (internal quotations omitted).

In addition to a "minimum contacts" inquiry, the court conducts a "reasonableness" inquiry to determine that its exercise of jurisdiction will not offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co., Ltd., v. Super. Ct. Cal.*, 480 U.S. 102, 113 (1987) (internal quotations omitted); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). The Court must construe the proof in the light most favorable to the Trustee and resolve all factual disputes in the Trustee's favor. *DiStefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

The Trustee argues that the Complaint supports a finding of *specific* personal jurisdiction over Miri Chais. Specific jurisdiction exists where a foreign defendant "purposefully direct[s] his activities at residents of the forum," and the underlying cause of action "arise[s] out of or relate[s] to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted). The defendant need not have physically entered the forum, *Burger King*, 471 U.S. at 476, but "it is essential . . . that there be some act by which the defendant

6

purposefully avails itself of the privilege of conducting activities within the forum . . . thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

### a. Minimum Contacts

The Trustee has adequately alleged that Miri Chais purposefully availed herself of the benefits of the United States and otherwise submitted herself to this Court's jurisdiction for the purposes of this proceeding. Compl. ¶ 95. It is undisputed that Miri Chais maintained at least three accounts in the United States, including two BLMIS investment accounts in New York and one bank account in California. She opened the Individual Account on or about December 30, 1999 with BLMIS, a New York company purporting to conduct financial transactions in New York. While Miri Chais claims that she did not "cause or request" transfers to be made from her Individual Account with BLMIS, at least 11 transactions were made to and from this account, including a direct check issued on April 8, 2003 by BLMIS to Miri Chais in the amount of $20,000. *See* Decl. of Marc Hirschfield, Ex. 3. Moreover, she appointed defendant Stanley Chais, her father-in-law, as her agent in New York for purposes of this account. *See Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 619–20 (1992) (finding minimum contacts where defendant, *inter alia*, appointed a financial agent in New York); *Smith v. Matias, (In re IFS Fin. Corp.)*, Adv. Nos. 04-3789, *et al.*, 2007 WL 2692237, at *11 (Bankr. S.D. Tex. Sept. 11, 2007) ("[P]ersonal jurisdiction is present if [defendant] gave another authority to act on his behalf and the agent's contacts in his agency capacity are sufficient to establish specific personal jurisdiction."). Through the unique investment opportunities offered by BLMIS, Miri Chais benefitted in receiving over $288,000 of fictitious profits in her Individual Account alone.

The balance of the Individual Account was subsequently transferred to the BLMIS Joint Account that Miri Chais held with her husband, defendant Mark Chais. The Joint Account

7

reflected at least 52 transactions between 2004 and 2008, including multiple transfers of hundreds of thousands of dollars from the Joint Account to the couple's bank account in California through multiple correspondences. Again, Miri Chais's position that she "was merely a passive recipient of the allegedly fraudulent transfers," Mem. Law in Supp. Mot. p. 1, does not insulate her from this Court's adjudication of claims that such transfers are avoidable as fraudulent—the transactions were made at the direction of her appointed agent in New York, from an account in her name, by virtue of which she jointly owned net profits of over $13.5 million.

Further, the Trustee's causes of action "arise out of or relate to" these minimum contacts such that Miri Chais should reasonably anticipate adjudication of these transactions to take place in the United States. *Burger King*, 471 U.S. at 472. Miri Chais's contacts with the forum and the Trustee's claims are inextricably related such that but for transfers of BLMIS funds to and from Miri Chais's BLMIS brokerage accounts or other United States bank accounts, there could be no fraudulent transfer claims against her. *Payne v. Motorists' Mut. Ins. Co.*, 4 F.3d 452, 456 (6th Cir. 1993); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 914 (9th Cir. 1990) ("An action arises out of contacts with the forum if, 'but for' those contacts, the cause would not have arisen."); *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 730 (S.D.N.Y. 2003) (citing the "but for" test for specific jurisdiction).[3] Accordingly, the Trustee has more than satisfied his burden to make a *prima facie* showing of personal jurisdiction.

---

[3] At least one court in this District has noted a split among circuits in the standard employed to determine whether a cause of action "arises out of or relates to" a defendant's contacts. *See Del Ponte v. Universal City Dev. Partners, Ltd.*, No. 07-CV-2360 (KMK) (LMS), 2008 WL 169358, at *10 (S.D.N.Y. Jan. 16, 2008). The Ninth, Fifth, Sixth and Seventh Circuits apply some variation of the "but for" test, others utilize a "proximate cause" test, and Second Circuit cases have been summarized as holding that the degree of "relatedness" required varies in relation to the "overall picture" of the defendant's contacts. *Id.* Here, the causes of action are so related to the contacts at issue that specific jurisdiction is supported under any of these tests.

8

The Trustee additionally asserts that constitutional due process is satisfied because personal jurisdiction is established under the "transacting business" prong of New York's long arm statute, section 302(a)(1) of New York Civil Practice Law and Rules (the "CPLR"). As section 302 of the CPLR does not reach as far as the Constitution permits, due process will be satisfied if the New York long arm statute is satisfied. *Newbro v. Freed*, 337 F. Supp. 2d 428, 434 (S.D.N.Y. 2004); *Banco Ambrosiano, S.P.A. v. Artoc Bank & Trust Ltd.*, 464 N.E.2d 432, 435 (N.Y. 1984). Personal jurisdiction over Miri Chais is firmly supported under the CPLR. The Complaint alleges that Miri Chais has "intentionally taken advantage of the benefits of conducting transactions in the State of New York." Compl. ¶ 95. Most of Miri Chais's contacts with the United States occurred specifically in New York, including her maintenance of two active and profitable BLMIS accounts from which transfers were made to her, or for her benefit, at the direction of a New York agent, forming the basis of the Trustee's fraudulent transfer actions. *See, e,g.*, *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 153–54 (2d Cir. 1999) (finding long arm jurisdiction for claims arising out of defendant's transactions to and from its New York securities account); *Newbro*, 337 F. Supp. 2d at 433 (finding specific jurisdiction under New York long arm statute where defendants maintained a New York account with and communicated with the financial consultant who committed the fraudulent transfer underlying the action). Nonetheless, Miri Chais's purposeful availment of the forum of the United States at large, as outlined above, satisfies the Trustee's burden.

**b. Reasonableness**

Defendants have failed to overcome the Trustee's showing by presenting a "compelling case" that jurisdiction would be unreasonable under the circumstances. *Burger King*, 471 U.S. at 477 ("[W]here a defendant who purposefully has directed his activities at forum residents seeks

9

to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."). The relevant reasonableness factors include (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering social substantive policies. *Asahi*, 480 U.S. at 113; *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 244 (2d Cir. 1999).

The relevant reasonableness factors confirm that this Court's exercise of personal jurisdiction comports with "fair play and substantial justice." *Asahi*, 480 U.S. at 113. Courts have held that "often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant," and no such serious burden is apparent here. *Id.* at 114; *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 403 (S.D.N.Y. 2002). Miri Chais has arranged for copies of any and all documents relating to this adversary proceeding to be received by her New York counsel and has not otherwise demonstrated that her residing in Israel would impose any burden upon her defense of this matter. *See* Notice of Appearance and Request for Notices and Service of Papers (Dkt. No. 49) (filed on behalf of Miri Chais and other defendants on Nov. 17, 2009). The United States has a strong interest in applying the provisions of its Bankruptcy Code. The Trustee's claims arise under United States bankruptcy law, and they have been brought by the Trustee on behalf of all of the creditors and customers in this SIPA proceeding. *See U.S. Lines, Inc. v. GAC Marine Fuels Ltd.* (*In re McLean Indus. Inc.*), 68 B.R. 690, 699 (Bankr. S.D.N.Y. 1986) ("[T]he United States[] has a strong interest in adjudicating the dispute. The dispute arises solely under its

[bankruptcy] laws and concerns a vital protection provided by federal statute to those who seek to reorganize.") (internal quotations and citation omitted); *Aurora Mgmt. Partners, Inc. v. GC Fin. Servs. (In re Protected Vehicles, Inc.)*, 429 B.R. 856, 864 (Bankr. D.S.C. 2010) (quoting *Picard v. Cohmad, et al. (In re BLMIS)*, 418 B.R. 75, 81 (Bankr. S.D.N.Y. 2009) (Lifland, J) ("[T]he United States has a strong interest in applying the fraudulent transfer and preference provisions of its Bankruptcy Code")). The Trustee also has a strong interest in litigating in the United States to obtain the most convenient and effective relief, as all of the other numerous Defendants, with the exception of Mark Chais, Miri Chais's husband, reside in the United States, and BLMIS was a New York corporation with its files in the United States. *See In re McLean*, 68 B.R. at 699 (finding jurisdiction reasonable where an office and files pertaining to the transaction were located in the forum). The most efficient resolution of the controversy would be in the United States, where the inextricably-related BLMIS liquidation is ongoing before this Court.

Finally, the Second Circuit has found the exercise of personal jurisdiction to be reasonable where a defendant acts in such a way as to cause consequences in the forum state. *SEC v. Gonzalez de Castilla*, No. 01-CIV-3999 (RWS), 2001 WL 940560, at *4 (S.D.N.Y. Aug. 20, 2001); *SEC v. Unifund SAL,* 910 F.2d 1028, 1033 (2d Cir. 1990) ("One circumstance making such anticipation [of being haled into court in the forum] reasonable is where a defendant has acted in such a way as to have caused consequences in the forum state.") (internal quotations and citation omitted). On the basis of Miri Chais's purposeful and profitable financial transactions in the United States, this Court certainly has jurisdiction to determine whether such transactions contributed to the massive losses suffered by victims of the BLMIS Ponzi scheme in the United States. *See First Capital*, 218 F. Supp. 2d at 403 (finding personal jurisdiction where

11

defendants' transactions frustrated judgments in New York). In light of the foregoing, and as Miri Chais has failed to present a compelling case to the contrary, this Court finds its exercise of jurisdiction with respect to the claims asserted in the Complaint to be reasonable.

## **CONCLUSION**

Because Miri Chais has the requisite minimum contacts with the United States and has failed to present a compelling case as to why jurisdiction would be unreasonable, this Court concludes that it properly has personal jurisdiction over her with respect to the Trustee's claims. Accordingly, the Motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: New York, New York
      November 30, 2010

                                            /s/ Burton R. Lifland
                                            United States Bankruptcy Judge